UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:20CR49-PPS |
| ) | |
| JOSE GALLEGOS, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

On April 27, 2023, the United States Sentencing Commission voted to create a new § 4C1.1 guideline that: (1) provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four (Criminal History and Criminal Livelihood) and whose instant offense did not involve specified aggravating factors; and (2) limits the overall impact of "status points" on certain offenders' criminal history by amending §4A1.1.  These changes are generally referred to as "Amendment 821," and they took effect on November 1, 2023.  On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/-2023-32.pdf.

Defendant Jose Gallegos pled guilty in this case to possession of methamphetamine with intent to distribute. In a companion case, 2:18CR37, Gallegos pled guilty to conspiracy to distribute and to possess with intent to distribute

methamphetamine, methoxyacetylfentanyl, and heroin.[1] In a consolidated hearing, I sentenced Gallegos to an aggregate prison term of 144 months. [DE 32 at 2.] Gallegos has filed a *pro se* letter requesting legal assistance in seeking a reduction of the sentence imposed in his case in light of Amendment 821. [DE 39.]

Following Gallegos's letter, I issued an order appointing the Federal Community Defender to determine whether he could represent Gallegos. [DE 40.] The Community Defender filed a motion to withdraw on November 20, 2023, stating that after reviewing the Final Presentence Investigation Report, he "will not be able to assist the defendant in seeking relief pursuant to Amendment 821 of the Sentencing Guidelines Manual." [DE 42 at 1.] Upon further analysis, I similarly conclude that Gallegos is not entitled to relief pursuant to Amendment 821. As a result, I will grant the Community Defender's motion to withdraw and deny Gallegos any reduction of his sentence.

A review of the record indicates that Gallegos cannot seek relief under either prong of Amendment 821. Gallegos clearly does not qualify under the new § 4C1.1 that provides a decrease of two offense levels, because that guideline applies only to offenders who did not receive any criminal history points under Chapter Four. The Presentence Investigation Report prepared in this case indicates Gallegos had 4 criminal history points for prior offenses. [DE 18 at ¶¶40-42.]

Gallegos also does not qualify under the amendment to §4A1.1, which limits the overall impact of "status points" on certain offenders' criminal history. The PSR

---

[1] The letter initiating the present inquiry has been filed only in Case No. 2:20CR49.

2

indicates that Gallegos had a subtotal criminal history score of 4, and that 2 points were added under § 4A1.1(d) because his offense was committed while under a criminal justice sentence, putting him at a total criminal history score of 6.  [DE 18 at ¶¶42-44.] Part A of the amendment eliminates status points for those with six or fewer criminal history points.  Amendment 821 would only provide a reduction from 6 points to 4. That reduced total of criminal history points still places Gallegos in criminal history category III, so that his guideline range remains the same.

In summary, because Gallegos cannot make a showing that he is entitled to relief under either Part A or Part B of retroactive Guidelines Amendment 821, his letter, if construed as a motion for a sentence reduction, must be denied.

**ACCORDINGLY:**

Defendant Jose Gallegos' pro se letter [DE 39] is construed as a motion for a reduction of his sentence pursuant to Amendment 821, and is **DENIED**.

The Federal Community Defender's motion to withdraw [DE 42] is **GRANTED**.

The Government and the United States Probation Office are relieved of any further obligation in this matter.

The Clerk shall provide a copy of this opinion to Jose Gallegos at the institutional address from which he mailed his letter [DE 39].

**SO ORDERED**.

ENTERED:  November 29, 2023.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE